IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANORE MINERALS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> Easements and Rights of Way under, through and across those certain unpatented lode mining claims located in the NE 1/4 and the NW 1/4 of Section 15, Township 27 North, Range 31 West, Lincoln County, Montana, and identified as POPS 12, POPS 13, POPS 14 and POPS 15; ARNOLD BAKIE; UNKNOWN OWNERS; and all other persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance the unpatented lode mining claims described above or any cloud upon title thereto, whether such claim or possible claim be present or contingent, <br><br> Defendants. | CV 13–133–M–DLC <br><br> ORDER |

Before the Court is Defendant Arnold Bakie's statement of claim, Plaintiff Montanore Minerals Corporation's motion to strike Bakie's statement of claim, and Plaintiff's unopposed motion for a scheduling conference. For the reasons

1

explained, the Court denies Plaintiff's motion to strike and grants the parties' motion for a scheduling conference.

**Background**

Montanore Minerals Corporation ("Montanore") brought this diversity action in condemnation pursuant to Rule 71.1 of the Federal Rules of Civil Procedure and Montana Code Annotated § 70-30-101 to condemn easements and rights of way across certain unpatented lode mining claims in which Defendant Bakie claims an interest. The Court granted Montanore's motion for a preliminary condemnation order and motion for preliminary injunction on April 29, 2014. The Court's Order stated that Montanore "may proceed in accordance with the provisions provided in Title 70, Chapter 30 of Montana Code Annotated." (Doc. 46 at 22.)

On May 29, 2014, Defendant Arnold Bakie ("Bakie"), joined by the unnamed party Optima, Inc. ("Optima")[1], filed a statement of claim of just compensation pursuant to Montana Code Annotated § 70-30-207(1), asserting that the value of Bakie's interest in the four unpatented mining claims is ten million

---

[1] The Court notes that in the statement of claim Optima, Inc. appears to assert an interest in the unpatented mining claims, but Optima has not yet been added as a Defendant. Rule 71.1(c)(3) provides that "before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest" in the property. Thus, based on the record before the Court, it appears that Plaintiff's should name Optima as a party defendant.

dollars ($10,000,000), plus interest at the rate of 10% per year from the date of service of summons, plus an award of necessary expenses of litigation.

Bakie's ten million dollar valuation of the unpatented mining claims is based on the fact that the ore body that Montanore wishes to access is valued at $8 billion, and access through the unpatented mining claims is "the only feasible access to the ore body." (Doc. 47 at 3.) Bakie also notes that access to the ore body from another location would cost Montanore in excess of $40,000,000.00, plus additional delays in obtaining permits. In the statement of claim, Bakie concedes that he does not currently know whether the subject claims contain any valuable and developable mineral deposits. Bakie asserts, however, that $10 million "is a reasonable, if not conservative, estimate of the value" of his claimed interest in the unpatented mining claims. *Id*. at 4.

Montanore moves to strike the statement of claim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Montanore contends that federal procedural rules govern this case, and that Bakie's statement of claim is not a pleading recognized by Rule 71.1 Fed.R.Civ.P. Montanore also contends that the statement of claim employs a standard of compensation that has been universally rejected by both federal and state courts. Finally, Montanore contends that the claim misrepresents Bakie's rights in the subject claims, which consists of nothing more

than unpatented mining claims and neither equitable nor legal title to the land.

Bakie opposes the motion. Bakie contends the statement of claim is substantive rather than procedural because it serves to fulfill his substantive right to a deposit pending a final condemnation award. Bakie also contends the statement of claim is not a pleading that is subject to a Rule 12(f) motion.

## Discussion

**I.     Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions are directed to pleadings only. Rule 12(f) is designed is to avoid the time, effort, and expense required to litigate spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974.

The Court concludes that the statement of claim, which is essentially a claim for damages, is a pleading and subject to being stricken pursuant to Rule 12(f). The Court rejects Bakie's argument to the contrary.

However, the Court further concludes that the motion to strike must be denied. Montanore contends the statement of claim must be stricken on the

ground that it is "immaterial and impertinent to the matter" before the Court. (Doc. 49 at 4.) The Ninth Circuit's decision in *Whittlestone*, however, makes clear that, the merits of Bakie's statement of claim notwithstanding, the statement of claim is material and pertinent.

"Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled." *Id.* (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). Bakie's statement of claim is essentially a claim for damages, which "is not immaterial, because whether these damages are recoverable relates directly to" Bakie's claim for just compensation. *Id.*

Likewise, the statement of claim is not impertinent. "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* Again, whether Bakie is entitled to the amount asserted in the statement of claim "pertains directly" to the issue of just compensation. *Id.*

Montanore asserts no other basis, provided in the rule, by which to strike the statement of claim. Though the amount of and basis for the statement of claim are more than suspect, the Court concludes it is neither redundant, scandalous, nor an insufficient defense. Accordingly, the statement of claim will not be stricken.

Montanore contends the statement of claim must be stricken because it is a

pleading not contemplated by Rule 71.1. Though a statement of claim is not specifically called for in Rule 71.1, the Court concludes that the statement of claim is appropriately filed in this diversity case for the purpose of effectuating Bakie's substantive rights under Montana law. Both parties agree that federal procedural law and state substantive law applies to this diversity case. The question then is whether the filing of a statement of claim here is a matter of substantive or procedural law.

Bakie contends that the filing of a statement of claim is substantive here because it allows him to effectuate his substantive right to require a deposit as provided for in Montana Code Annotated § 70-30-311(1)-(2). Bakie cites the advisory comments to Federal Rule 71.1(k), which state: "Any condition affecting the substantial right of a litigant attached by state law is to be observed and enforced, such as making a deposit in court where the power of eminent domain is conditioned upon doing so." The advisory comments to Rule 71.1(j) are in accord: "If the plaintiff is invoking the state's power of eminent domain the necessity of deposit will be governed by state law."

Under Montana law, a condemnor only needs to make a deposit with the court when, "the condemnor seeks an interlocutory order putting the condemnor in possession of the condemned lands." *Bozeman Parking Commission v. First Trust*

*Co. of Montana*, 619 P.2d 168, 172 (Mont. 1980). When a condemnor seeks possession through an interlocutory order, the court "may make an order" granting possession "upon payment into court of the amount of compensation claimed by the condemnee in the condemnee's statement of claim of just compensation . . . or the amount assessed either by the commissioners or by the jury." Mont. Code. Ann. § 70-30-311(1).

Montanore has sought and obtained a preliminary injunction putting it in possession of the condemned land. Thus, the filing of the statement of claim is the mechanism by which Bakie may effectuate his substantive right to a deposit. Fed.R.Civ.P. 71(j) (Advisory Committee Notes). The statement of claim is thus sufficiently substantive to survive the motion to strike despite the fact that it is not specifically provided for in Fed.R.Civ.P. 71.1.

Though it is not currently before the Court, when or if a motion demanding a deposit is filed, the Court can scrutinize the merits of Bakie's statement of claim and determine the appropriate amount of any such deposit, and when such deposit should be made, which are both matters within the discretion of the Court.[2] The remainder of Montanore's arguments pertain to the merits of Bakie's statement of

---

[2] The Court agrees with the parties that just compensation will **not** be based on the value of the easements to Montanore, but instead is based on what Bakie can show that he has lost by the condemnation.

claim and the law that governs just compensation. *Whittlestone* makes clear that a Rule 12(f) motion to strike is an improper mechanism by which to address such arguments. The Court will not address these arguments here.

## II. Scheduling Conference

The parties jointly request a scheduling conference. The Court agrees that a scheduling conference is necessary to guide the remainder of the proceedings in this case.

The Court notes that under both Montana and federal law the issue of compensation may be determined by a commission, rather than by a jury. The Court concludes that the issue of compensation is best resolved by a commission of experts. Fed.R.Civ.P. 71.1(h)(2)(A). Assessing the value of the land to be condemned – easements on unpatented mining claims – is better determined by a commission of experts, rather than by a jury of lay persons. Accordingly, the Court will order that the issue of compensation be determined by utilizing a commission.

There remains in this case an apparent struggle regarding the application of federal or state law as it relates to the procedures to be followed. While the process for appointing a commission, etc., appears to the Court to be entirely procedural, and thus guided by Rule 71.1(h) rather than Montana law, the Court

requests that the parties meet, confer, and submit briefs detailing their respective views on how this case should proceed.

IT IS ORDERED that the motion to strike (Doc. 48) is DENIED.

IT IS FURTHER ORDERED that the joint motion for scheduling conference is GRANTED. A scheduling conference will be held on October 16, 2014, at 1:30 p.m., at the Russell Smith Courthouse in Missoula, Montana. The parties shall submit proposed deadlines for amendment of pleadings, disclosure of experts, completion of discovery, and other associated deadlines by October 9, 2014.

IT IS FURTHER ORDERED that the parties shall meet, confer, and submit briefs detailing their respective views on the procedures that will govern this case by August 29, 2014.

DATED this 12th day of August, 2014.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court