IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MONTANORE MINERALS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> Easements and Rights of Way under, through and across those certain unpatented lode mining claims located in the NE 1/4 and the NW 1/4 of Section 15, Township 27 North, Range 31 West, Lincoln County, Montana, and identified as POPS 12, POPS 13, POPS 14 and POPS 15; ARNOLD BAKIE; OPTIMA, INC.; FRANK DUVAL; UNKNOWN OWNERS; and all other persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance the unpatented lode mining claims described above or any cloud upon title thereto, whether such claim or possible claim be present or contingent, <br><br> Defendants. | CV 13–133–M–DLC <br><br> ORDER |

Plaintiff filed motion in limine number 16 (Doc. 127) requesting that the Court preclude evidence or argument regarding settlement offers or negotiations between the parties. Defendant did not object to the exclusion of settlement

1

negotiations but asserted that Montanore's statement regarding Plaintiff's claim of appropriate compensation to defendants in paragraph 43 of its Complaint was admissible. Plaintiff contends that its final offer should be excluded under Federal Rule of Evidence 408. At the final pre-hearing conference held on March 31, 2015, the Court granted Plaintiff's motion in limine number 16 as to all settlement offers and negotiations but reserved ruling as to admissibility of Montanore's claim of appropriate compensation to Defendants as set forth in the Complaint. For the reasons set forth below, the Court will grant Plaintiff's motion in limine number 16 in full.

Montana Code Annotated section 70-30-203(1)(f) states that a "condemnor's claim of appropriate payment for damages must be the same amount as the final written offer that was rejected pursuant to the facts necessary in 70-30-111(1)(d)," and that a statement of such claim must be included in the condemnation complaint. Federal Rule of Evidence 408 serves, in part, to preclude evidence "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contraction: (1) furnishing, promising, or offering–or accepting, promising to accept, or offering to accept–a valuable consideration in compromising or attempting to comprise the claim." In this case, Montanore's claim of appropriate payment for damages as

stated in the Complaint was required to be the same amount as their final written offer that was rejected by Defendants. Allowing this evidence would effectively set a "floor on recovery," creating a disincentive for condemnors from making meaningful final offers. The requirement under Montana law that the condemnor's final offer be included in the condemnation complaint does not remove it from the scope of Federal Rule of Evidence 408.

IT IS ORDERED that Plaintiff's motion in limine number 16 (Doc. 127 at 3) is GRANTED.

DATED this 1st day of April, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief District Judge
United States District Court